## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| ROVANCO PIPING SYSTEMS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 21 C 3522 |
| | ) | |
| PERMA-PIPE INTERNATIONAL | ) | |
| HOLDINGS, INC.; PERMA-PIPE, INC.; | ) | |
| GARY PREXTA; JOHN C. DIGERTT; | ) | |
| THOMAS RAILSBACK; PREFERRED | ) | |
| PIPING SYSTEMS; ENGINEER | ) | |
| HYDRONIC SYSTEMS; and JOHN C. | ) | |
| DIGERTT, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

**CHARLES P. KOCORAS, District Judge:**

This matter is before the Court on several motions: (1) Defendants Perma-Pipe International Holdings, Inc. and Perma-Pipe, Inc's (collectively, "Perma-Pipe") Motion to Dismiss Plaintiff's First Amended Complaint ("FAC") under Federal Rule of Civil Procedure 12(b)(6); (2) Defendants John C. Digertt and John C. Digertt, Inc.'s (collectively, "Digertt") Motion to Dismiss Plaintiff's FAC under Rule 12(b)(6)[1]; (3) Defendant Gary Prexta's Motion to Dismiss Plaintiff's FAC under Rules 12(b)(2) and 12(b)(6); (4) Defendant Preferred Piping Systems' ("Preferred Piping") Motion to

---

[1] Although Digertt titles his Motion to Dismiss as one under Rule 12(b)(6), he also challenges personal jurisdiction, and therefore the Court construes his Motion to be brought under both Rule 12(b)(6) and Rule 12(b)(2).

Dismiss Plaintiff's FAC under Rules 12(b)(2) and 12(b)(6); (5) Defendants Thomas Railsback and Engineered Hydronics, Inc.'s (collectively, "Railsback") Motion to Dismiss Plaintiff's FAC under Rule 12(b)(6)[2]; (6) Plaintiff's Motion for Jurisdictional Discovery; and (7) Plaintiff's Motion for Oral Argument.

## BACKGROUND

The following facts come from the FAC and are assumed true for the purpose of this Motion. *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665–66 (7th Cir. 2013). All reasonable inferences are drawn in Rovanco's favor. *League of Women Voters of Chi. v. City of Chi.*, 757 F.3d 722, 724 (7th Cir. 2014).

First, the parties. Rovanco is an Illinois corporation. Perma-Pipe International Holdings, Inc. and Perma-Pipe, Inc. are Delaware corporations with their principal places of business in Illinois. Defendant Prexta is an Ohio resident and an owner, officer, and/or operator of Preferred Piping Systems, an Ohio company. Defendant Railsback is a California resident and an owner, officer, and/or operator of Engineered Hydronics, a California company. Defendant John C. Digertt is a Connecticut resident and an owner, officer, and/or operator of John C. Digertt, Inc., a Connecticut corporation.

Rovanco manufactures and provides high quality pre-insulated piping systems as an alternative to field insulated piping. Perma-Pipe is an engineered pipe service

---

[2] Railsback's Motion to Dismiss (Dkt. # 65) was filed after briefing was completed on the other pending motions to dismiss. Because Railsback raises substantially the same arguments in support of dismissal as his co-defendants, we will rule on Railsback's without further briefing.

company offering anti-corrosion coatings, insulation solutions, containment systems, leak detection systems, engineering support, field installation, and custom fabrication services. The U.S. market of piping systems (and component parts) (the "target market") is a specialized market where consumers are typically highly specialized engineering firms that draft specifications for different projects involving concurrent bidding by piping system companies. Rovanco and Perma-Pipe are direct competitors; they are two of the three primary participants/producers in their market and therefore consumers are regularly choosing between Rovanco and Perma-Pipe products.

Perma-Pipe entered into agreements with Railsback/Engineered Hydronics, Prexta/Preferred Piping, and Digertt where these individuals and companies would be Perma-Pipe's representatives, facilitating and brokering sales and agreements to the target market in their respective designated regions: Railsback in the west coast; Prexta in Ohio, Minnesota, and the Midwest; and Digertt in Connecticut and the east coast.

Rovanco alleges Perma-Pipe and its representatives have regularly and systematically made maliciously false, deceptive, and disparaging disseminations to the target market about Rovanco's piping system and products, including:

- Rovanco's piping system will fail shortly after installation.
- Rovanco product failures are widespread.
- Rovanco abandons its consumers.
- Rovanco products will overheat and buckle/fail.
- The foam injection method utilized by Rovanco results in voids, and as a proximate result thereof excess heat and water and product damage, including a steel casing failure.
- Rovanco has spacers between the pipe and jacket with no insulation.

3

- Under certain conditions the HDPE jacket (part of Rovanco's products) will not function in the manner reasonably to be expected.
- Certain elbows, tees and other fittings (part of Rovanco's products) are sealed with a "tape", and as a proximate result do not function in the manner reasonably to be expected.
- Under certain circumstances Rovanco utilizes a shrink wrap material over the insulation, and as a proximate result does not function in the manner reasonably to be expected.

On information and belief, Rovanco alleges the false, deceptive, and disparaging disseminations were systematically directed to consumers/engineers/contractors in the target market, including via presentations with groups of engineers. These disseminations were intended to deceive and influence purchasing decisions, and specifically to deliberately misrepresent that Rovanco's products do not perform as expected. As a result, Rovanco lost substantial monies and profits and sustained non-economic damages to its reputation, course of dealing, agreements, and standing in the industry.

As to Prexta and Preferred Piping, Rovanco claims the alleged statements were directed to contractors and/or engineers for projects in the State of Ohio, such as: (1) the Ohio State University; (2) Wright Patterson Air Force Base; (3) Heapy Engineering; (4) Ohio University; (5) and Miami of Ohio University.

As to Railsback, Rovanco claims the alleged statements were directed to architects, contractors and/or engineers for projects in the State of California, such as: (1) the EOR City of Hope CUP Project ("EOR Project"); (2) the University of California, Los Angeles ("UCLA"); and (3) the University of California, San Diego

("UCSD"). As to the EOR Project specifically, Rovanco also asserts a letter was distributed to the target market, which contained a picture of a failed pipe, intending to suggest it was a Rovanco product (the "southern California letter").

As to Digertt, Rovanco claims the alleged statements were directed to an engineering firm(s) involved in multiple projects in the State of Connecticut, including: (1) Trinity College; (2) the University Connecticut; (3) Yale University; (4) Connecticut College; and (5) Pfizer.

In its FAC, Rovanco asserts causes of action for: (1) violations of Section 43(a)(1)(B) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B) (Count I); (2) Tortious Interference with Prospective Economic Advantage (Count II); (3) Commercial Disparagement (Count III); (4) Defamation (Count IV); (5) Civil Conspiracy – Commercial Disparagement and Tortious Interference with Prospective Advantage (Count V); and (6) Unfair Competition (Count VI). Prexta, Preferred Piping, and Digertt move to dismiss Rovanco's FAC under Rule 12(b)(2) for lack of personal jurisdiction, and under Rule 12(b)(6) for failure to state a claim. Perma-Pipe also moves to dismiss Rovanco's FAC under Rule 12(b)(6).[3]

## **LEGAL STANDARD**

A motion to dismiss under Rule 12(b)(2) challenges the court's ability to exercise personal jurisdiction over a defendant. *Liqui-Box Corp. v. Scholle IPN Corp.*, 2020 WL

---

[3] The other moving Defendants adopt and incorporate by reference Perma-Pipe's arguments in support of its Rule 12(b)(6) Motion to Dismiss into their respective Motions to Dismiss. *See* Dkt. # 34, at 1; Dkt. # 37, at 1; Dkt. # 40, at 5.

5593755, at *3 (N.D. Ill. 2020). A "plaintiff need not include facts alleging personal jurisdiction in the complaint, but once the defendant moves to dismiss the complaint . . . for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating the existence of jurisdiction." *Curry v. Revolution Labs., LLC*, 949 F.3d 385, 392 (7th Cir. 2020) (quoting *Purdue Rsch. Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003)).

When a court rules on a Rule 12(b)(2) motion to dismiss without holding an evidentiary hearing, the plaintiff need only make a *prima facie* case for personal jurisdiction. *Id.* at 393 (citing *uBID, Inc. v. GoDaddy Grp., Inc.*, 623 F.3d 421, 424 (7th Cir. 2010)). If the parties submit affidavits, the court "may weigh the affidavits," but the "plaintiff is entitled to the resolution in its favor of all disputes concerning relevant facts presented in the record." *Id.* (quotations omitted).

A motion to dismiss under Rule 12(b)(6) "tests the sufficiency of the complaint, not the merits of the case." *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 878 (7th Cir. 2012). The Court accepts as true well pled facts in the complaint and draws all reasonable inferences in favor of the plaintiff. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). The allegations in the complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A plaintiff need not provide detailed factual allegations, but it must provide enough factual support to "raise a right to relief above the speculative level." *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The claim must be described "in sufficient detail to give the defendant 'fair notice of what the . . . claim is and the grounds upon which it rests.'" *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to withstand a Rule 12(b)(6) motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is facially plausible if the complaint contains sufficient alleged facts that allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

## DISCUSSION

As noted above, Prexta, Preferred Piping, and Digertt move to dismiss Rovanco's FAC under Rule 12(b)(2) for lack of personal jurisdiction, and under Rule 12(b)(6) for failure to state a claim. Perma-Pipe also moves to dismiss Rovanco's FAC under Rule 12(b)(6). We begin by addressing the issue of personal jurisdiction.

### I.    Personal Jurisdiction

In the FAC, Rovanco asserts this Court has personal jurisdiction over Defendants Prexta, Preferred Piping Systems, and Digertt "because their conduct was deliberately directed at an Illinois corporation and/or deliberately directed at business practices occurring in Illinois, and as a proximate result, substantial damages were suffered in Illinois." Dkt. # 25, ¶ 8.

This case involves claims under both federal law (the Lanham Act) and state law, so the Court's jurisdiction rests on a federal question, 28 U.S.C. § 1331, and supplemental jurisdiction, 28 U.S.C. § 1367. Because the Lanham Act does not have a special rule for personal jurisdiction, however, we look to the law of the forum for the governing rule. *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 800 (7th Cir. 2014).

Illinois's long-arm statute provides that the Due Process Clause of the Fourteenth Amendment sets the outer boundary of the personal jurisdiction of its courts. *See* 735 ILCS 5/2–209(c) ("A court may also exercise jurisdiction on any other basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States."). The Due Process Clause authorizes personal jurisdiction over out-of-state defendants who have "certain minimum contacts with [the state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). A defendant's contacts with the forum state must be such that it could "reasonably anticipate being haled into court there." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985) (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 295 (1980)).

"Jurisdiction over a defendant can be established either through general or specific jurisdiction."[4] *Brook v. McCormley*, 873 F.3d 549, 552 (7th Cir. 2017). General jurisdiction is available when a defendant's contacts with the forum state are "continuous and systematic." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984). General jurisdiction means the defendant is so "at home" in the forum state that he can be sued there for anything, even a claim that has no nexus to the state at all. *Goodyear Dunlop Tires Ops., S.A. v. Brown*, 564 U.S. 915, 919 (2011).

A court may also exercise specific personal jurisdiction over a defendant based on the defendant's contacts with the forum state. *See Helicopteros*, 466 U.S. at 414. The Seventh Circuit identified "three essential requirements" for specific jurisdiction: "(1) the defendant must have purposefully availed himself of the privilege of conducting business in the forum state or purposefully directed his activities at the state; (2) the alleged injury must have arisen from the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with traditional notions of fair play and substantial justice." *Felland v. Clifton*, 682 F.3d 665, 673 (7th Cir. 2012) (internal citations omitted).

The key is that the "defendant's *suit-related* conduct must create a substantial connection with the forum State." *Advanced Tactical Ordnance Sys.*, 751 F.3d at 801 (quoting *Walden v. Fiore*, 571 U.S. 277, 284 (2014)) (emphasis in original).

---

[4] Rovanco does not specify whether it is claiming the Court has general or specific jurisdiction over the moving Defendants.

Importantly, the relationship between the defendant and the forum "must arise out of contacts that the defendant *himself* creates with the forum." *Id.* (quoting *Walden*, 571 U.S. at 284) (cleaned up). "This purposeful availment requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts or of the unilateral activity of another party or a third person." *Burger King*, 471 U.S. at 475 (cleaned up). With these guiding principles in mind, we address each moving Defendant's Rule 12(b)(2) motion in turn, as well as Rovanco's Motion for Jurisdictional Discovery.

### A.      Rovanco's Motion for Jurisdictional Discovery

Rovanco requests permission to conduct discovery on the issue of personal jurisdiction before we rule on the motions to dismiss. It is within this Court's discretion to permit jurisdictional discovery. *See Ticketreserve, Inc. v. viagogo, Inc.*, 656 F. Supp. 2d 775, 782 (N.D. Ill. 2009). However, a plaintiff does not enjoy an automatic right to jurisdictional discovery in every case. *Anderson v. Sportmart, Inc.*, 179 F.R.D. 236, 241 (N.D. Ind. 1998). Rovanco "must make a *prima facie* showing with some competent evidence demonstrating that jurisdiction might exist in order to be entitled to jurisdictional discovery." *Regency Com. Assocs. LLC v. Action 49 Junction I, LLC*, 2017 WL 5287168, at *3 (S.D. Ind. 2017). A plaintiff may not rely on "bare," "attenuated," or "unsupported assertions" of jurisdiction to justify discovery. *Ticketreserve*, 656 F. Supp. 2d at 782.

Based on the discussion and analysis below, we conclude Rovanco failed to provide the Court with enough evidence to establish the requisite *prima facie* showing that the Court has jurisdiction over Prexta, Preferred Piping, and Digertt such that an order for jurisdictional discovery would be appropriate. Rovanco's Motion is denied.

### B. Digertt

Turning to the motions to dismiss, we begin with Digertt's. In support of Digertt's Rule (12)(b)(2) Motion, Digertt attaches an affidavit in which he avers the following: John C. Digertt, Inc. is a Connecticut corporation that sells and services heating and cooling systems in the New England area. Its principal place of business is in Connecticut. John C. Digertt, Inc. has a contract with Perma-Pipe to sell its products in New England, but otherwise has no connection to Illinois. John Digertt is a citizen and resident of Connecticut. He has never lived in Illinois, and does not perform any work, solicit any business, advertise any services, have any projects, or any customers located in Illinois. Digertt has not entered into a contract with any party located in Illinois. Digertt has been to Illinois only 8 times over the last 35 years, some of which were for training on Perma-Pipes' products. Digertt has not been to Illinois within the last 10 years.

Rovanco's argument for personal jurisdiction based on the contract between Digertt and Perma-Pipe is unavailing. Digertt says the contract with Perma-Pipe is wholly unrelated to the alleged tortious conduct, which occurred entirely outside of Illinois. We cannot say the tortious conduct is "wholly" unrelated, however, for the

11

allegedly false and disparaging statements were purportedly made in connection with Digertt's role as a representative of Perma-Pipe and the promotion of Perma-Pipe's products. Nevertheless, Rovanco focuses too much on Digertt's contract with Perma-Pipe, complaining we don't know where the contract was negotiated or executed, or whether there is a choice of law provision. Such details, Rovanco claims, are necessarily relevant to the determination of personal jurisdiction in this case. This might be true if the action was between Digertt and Perma-Pipe, but it's not.

Again, the plaintiff bears the burden of establishing personal jurisdiction when the defendant challenges it. *See N. Grain Mktg., LLC v. Greving*, 743 F.3d 487, 491 (7th Cir. 2014). While the Court will resolve factual disputes in the plaintiff's favor, we also accept as true any facts contained in the defendant's affidavits that remain unrefuted by the plaintiff. *See id.*; *GCIU-Employer Ret. Fund v. Goldfarb Corp.*, 565 F.3d 1018, 1020 n.1 (7th Cir. 2009).

In its Response, Rovanco provides an affidavit from counsel, attaching six pages he downloaded and printed from Digertt's website. Ignoring for a moment the foundational issues presented by such an affidavit, the attachments do nothing to support Rovanco's argument. Digertt's website proclaims it is a Perma-Pipe Official Manufacturer's Representative and contains a link to the Perma-Pipe website. Rovanco says this constitutes a "degree of interactivity" supporting personal jurisdiction. We think not. The fact that Digertt acts as a representative of Perma-Pipe and provides a link to Perma-Pipe on his company website is insufficient to confer personal

jurisdiction. *See Advanced Tactical Ordnance Sys.*, 751 F.3d at 803 ("[T]he operation of an interactive website does not show that the *defendant* has formed a contact with the forum state. And, without the defendant's creating a sufficient connection (or 'minimum contacts') with the forum state themselves, personal jurisdiction is not proper.").

At bottom, Rovanco's claim that the Court has jurisdiction "because [Digertt's] conduct was deliberately directed at an Illinois corporation and/or deliberately directed at business practices occurring in Illinois, and as a proximate result, substantial damages were suffered in Illinois," simply fails. "It is not enough that a defendant know that any injury resulting from alleged tortious conduct would be felt in the forum." *Green Light Nat'l, LLC v. Kent*, 2018 WL 4384298, at *3 (N.D. Ill. 2018); *see also Ariel Inv., LLC v. Ariel Cap. Advisors LLC*, 881 F.3d 520, 522 (7th Cir. 2018) ("Knowing about a potential for harm in a particular forum is not the same as acting *in* that state—and it takes the latter to permit personal jurisdiction under state law."). Rovanco has not alleged any actions Digertt took in Illinois, much less actions taken in Illinois relating to the tort claims against him. We therefore find that Rovanco failed to make a *prima facie* showing of personal jurisdiction over Digertt and grant Digertt's Motion to Dismiss on this basis.

### C. Prexta & Preferred Piping

Next up, Preferred Piping's and Prexta's motions. As for Preferred Piping, it argues dismissal is warranted because a trade name is not a legal entity and a suit against

both a trade name and its user is duplicative. Plaintiff failed to respond to Preferred Piping's Motion to Dismiss nor did it address the issue in any of its other briefs. Preferred Piping accordingly is dismissed as a party defendant. *See Luis v. Smith Partners & Assocs., Ltd.*, 2012 WL 5077726, at *9 (N.D. Ill. 2012); *Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011) ("Longstanding under our case law is the rule that a person waives an argument by failing to make it before the district court. We apply that rule where a party fails to develop arguments related to a discrete issue, and we also apply that rule where a litigant effectively abandons the litigation by not responding to alleged deficiencies in a motion to dismiss") (citations omitted).

With respect to Prexta, Rovanco alleges that Prexta resides in, and is a citizen of, the State of Ohio. Rovanco further alleges Prexta "is an owner, officer, and/or operator [of] Preferred Piping Systems . . . an Ohio company." Rovanco argues Prexta had contracts or agreements with Perma-Pipe, and that Perma-Pipe's website lists Prexta as one of its local representatives, which permits a reasonable inference that Perma-Pipe exerts control over Prexta. Rovanco claims it can also be reasonably inferred that negotiations between Prexta and Perma-Pipe and agreement finalization occurred in Illinois, "given the size and power disparities between the companies, and since Perma-Pipe controls the manufacturing and distribution of the piping products which Prexta sells." This, Rovanco says, is a sufficient basis for personal jurisdiction.

As with Digertt, Rovanco is incorrect. Rovanco's alleged injury—as it relates to Prexta—solely arose from Prexta's alleged conduct in Ohio, not Illinois. And, as we

14

explained above, a contract with Perma-Pipe is insufficient to establish personal jurisdiction. Rovanco cites no case law for its argument that Prexta's agency relationship with Perma-Pipe is sufficient to establish personal jurisdiction over Prexta. Further, the fact that Perma-Pipe lists Prexta as a local representative on its website is similarly unpersuasive. Prexta's Motion to Dismiss is granted for lack of personal jurisdiction.

## II.  Perma-Pipe's Rule 12(b)(6) Motion to Dismiss

Perma-Pipe moves to dismiss Rovanco's FAC under Rule 12(b)(6). In its Motion, Perma-Pipe argues Rovanco's Lanham Act claim should be dismissed because the alleged false and disparaging statements contained in the Amended Complaint do not constitute "commercial advertising or promotion." As for Count II, tortious interference with prospective economic advantage, Perma-Pipe says dismissal is warranted because Rovanco fails to adequately allege it had a reasonable expectation of future business, and because the "competitor's privilege" bars the claim. Perma-Pipe next argues Counts III-V of the Amended Complaint should be dismissed because Rovanco's allegations fail to meet the heightened pleading requirements of Rule 9(b). Finally, Perma-Pipe moves to dismiss Count VI because Rovanco fails to state a claim under either the Illinois Deceptive Trade Practices Act or the Illinois Consumer Fraud Act.

### A. Count I: Violation of the Lanham Act

Count I asserts a violation of Section 43(a)(1)(B) of the Lanham Act, which prohibits misrepresentation of another's goods or services in "commercial advertising or promotion." 15 U.S.C. § 1125(a)(1)(B). Before we can delve into the sufficiency of the FAC's allegations, however, we first must determine which pleading standard applies. The parties disagree whether Rovanco must satisfy the heightened pleading requirements in Rule 9(b), which requires a party alleging fraud to "state with particularity the circumstances constituting fraud."[5] Fed. R. Civ. P. 9(b). This means the plaintiff must plead "the who, what, when, where, and how" of the alleged fraud. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 615 (7th Cir. 2011) (internal quotation marks omitted).

Whether Lanham Act claims such as Rovanco's must be pled in accordance with Rule 9(b) is not settled within the Seventh Circuit. *See Towada Audio Co. v. Aiwa Corp.*, 2019 WL 1200748, at *8 (N.D. Ill. 2019); *Catilina Nominees Proprietary Ltd. v. Stericycle, Inc.*, 2021 WL 1165087, at *2 (N.D. Ill. 2021). The Seventh Circuit, however, has suggested in dicta that Rule 9(b) does apply to such claims. *See Gensler v. Strabala*, 764 F.3d 735, 737 (7th Cir. 2014) (remarking the plaintiff's Lanham Act claim "charges [the defendant] with a form of fraud, so we would expect [the] complaint to allege with particularity the nature of the grievance") (citing Fed. R. Civ. P. 9(b))).

---

[5] Rovanco does concede "some parallels with a fraud claim," Dkt. # 58, at 4, but nevertheless argues Rule 9(b) does not apply.

We agree with the other courts in this District that have found claims alleging false representation or false advertising under the Lanham Act are subject to the heightened pleading requirements of Rule 9(b). *See, e.g.*, *Catilina*, 2021 WL 1165087, at *2; *Conditioned Ocular Enhancement, Inc. v. Bonaventura*, 458 F. Supp. 2d 704, 709 (N.D. Ill. 2006); *VitalGo, Inc. v. Kreg Therapeutics, Inc.*, 370 F. Supp. 3d 873, 886–87 (N.D. Ill. 2019). In evaluating Rovanco's claims, we remain cognizant of the Seventh Circuit's admonition that "the exact level of particularity that is required will necessarily differ based on the facts of the case." *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 948 (7th Cir. 2013).

Basically, Rovanco alleges that Perma-Pipe and its representatives disparaged Rovanco and its products at least in connection with bidding on specific projects for which the two companies were competing for, and perhaps at other times. This disparagement purportedly caused the project engineers to go with Perma-Pipe's products instead of Rovanco's, thus losing Rovanco money and resulting in damage to its reputation and standing in the industry.

To constitute "commercial advertising or promotion" for purposes of a Lanham Act claim a communication must, among other requirements, be sufficiently disseminated to the relevant purchasing public to constitute advertising or promotion within the relevant industry. *Gordon & Breach Sci. Publishers v. Am. Inst. of Physics*, 859 F. Supp. 1521, 1536 (S.D.N.Y. 1994).

17

Most federal courts have adopted the *Gordon & Breach* four-part test for determining whether a communication qualifies as "commercial advertising or promotion." *See, e.g., Neuros Co. v. KTurbo, Inc.*, 698 F.3d 514, 521–22 (7th Cir. 2012) (collecting cases from seven other circuits adopting the *Gordon & Breach* test). Under the *Gordon & Breach* framework, "commercial advertising or promotion" under the Lanham Act must be (1) commercial speech (2) made by a defendant who is in commercial competition with the plaintiff (3) for the purpose of influencing consumers to buy the defendant's goods or services, and (4) that is sufficiently disseminated to the relevant purchasing public to constitute advertising or promotion within that industry. 859 F. Supp. at 1536.

There is no requirement that the alleged communication be published or broadcast to the general public, especially in industries where promotion often takes a different form. *Neuros*, 698 F.3d at 522. The Seventh Circuit has defined "promotion" in these industries to include "a systematic communicative endeavor to persuade possible customers to buy the seller's product." *Id.* Therefore, private one-to-one communications do not constitute "commercial advertising or promotion" unless systematically communicated to a substantial portion of the relevant market for a product. *See Mkt. Track, LLC v. Efficient Collaborative Retail Mktg., LLC*, 2015 WL 3637740, at *20 (N.D. Ill. 2015) (comparing cases). The distinction rests on whether a communication is a "generalized solicitation rather than an individualized

communication." *Organ Recovery Sys., Inc. v. Pres. Sols., Inc.*, 2012 WL 2577500, at *4 (N.D. Ill. 2012).

In the FAC, Rovanco identifies several statements purportedly disseminated by Defendants which Rovanco claims are false and disparaging. Rovanco does not explicitly say which Defendant made what statement(s), instead only claiming that the separate Defendants "made deliberately false, deceptive, and disparaging disseminations (including some of those outlined in paragraph twenty-two)" about Rovanco and its products to engineering firm(s) or contractors hired for certain projects.[6] We don't know the exact manner in which the allegedly false statements were disseminated, save for one instance—the southern California letter. More on that later. As for the rest, we don't know if the statements were spoken, delivered through a PowerPoint presentation, submitted in some sort of written proposal, or transmitted in some other format. All we know is the allegedly false statements "were systematically directed to" engineers or contractors in the target market, "including via presentations with groups of engineers," presumably in the context on bidding on the specific jobs Rovanco sets out in the FAC.[7]

---

[6] Keep in mind that Rovanco alleges only "on information and belief" that Prexta, Preferred Piping, and Digertt disseminated that Rovanco's products will fail and not function in the manner reasonably to be expected. Dkt. # 25, ¶ 24.

[7] In its briefing, Rovanco does claim some of the allegedly false and disparaging statements were made at trade shows, but this is not specifically pled in the FAC. The FAC's focus is primarily on "groups of engineers." We suspect it's possible (and perhaps even likely) for groups of engineers to be at a trade show, but the FAC isn't clear.

We also don't know exactly when these statements were made. Rovanco does not supply specific dates, or even a general approximation or range of dates. Rovanco does identify several specific projects it claims it lost out on because of Defendants' conduct. So, Rovanco says, "Defendants obviously made the disseminations in somewhat close proximity to the start of those jobs." This could be true and would certainly be something Defendants are knowledgeable about. Defendants know the dates of the projects they were hired for, and presumably know who they spoke or presented to (and when) in an effort to secure those jobs. Rovanco also alleges Defendants' conduct is ongoing.

We are troubled by Rovanco's claim that Prexta, Preferred Piping, and Digertt made some of these alleged false statements is based "on information and belief." Dkt. # 25, ¶ 24. When alleging fraud "on information and belief," a plaintiff must (1) plead that the facts constituting the fraud are not accessible to the plaintiff and (2) plead facts that provide some grounds for his suspicions. *VitalGo, Inc. v. Kreg Therapeutics, Inc.*, 370 F. Supp. 3d 873, 887 (N.D. Ill. 2019). "The provided grounds must make the allegations plausible, even as the courts remain sensitive to the information asymmetries that may prevent a plaintiff from offering more detail." *Id.* (cleaned up). Rovanco doesn't tell us *why* it suspects these Defendants disseminated the statements— other than perhaps because it lost out on several jobs to Perma-Pipe. This alone does not nudge Rovanco's claim across the line from "conceivable" to "plausible."

Now, back to the southern California letter. Rovanco alleges it recently became aware of a letter written by Perma-Pipe and systematically distributed to the target market via Perma-Pipe's representatives, Railsback and EH Systems. Rovanco says the letter contained false, deceptive, and disparaging disseminations—"including some of those outlined in Paragraph 22"—and included a picture of a failed pipe for the purpose of deceiving the recipients into believing the pipe was a Rovanco product. We find it unusual that Rovanco generalizes the statements purportedly contained in the letter, rather than providing specific examples. Presumably Rovanco obtained a copy of the letter and knows its contents if it is able to allege the letter includes some of the statements set forth in Paragraph 22 of the FAC.

Rovanco gives us a specific example with respect to dissemination of the letter, although it does not limit its claims to just this one instance. Rovanco alleges the southern California letter was sent to the architectural and engineering firms hired for the EOR Project in southern California. Prior to receiving the letter, Rovanco claims, the firms worked closely with Rovanco in writing and developing specifications for the project. Rovanco was even mentioned in the specification issued for the EOR project. After receiving the letter, however, the firms were duped into believing Rovanco's products would not work in the manner intended and thus they opted for Perma-Pipe's products instead of Rovanco's.

Again, Rovanco supplies no dates. And, other than with respect to the EOR Project, we don't know how or when the letter was disseminated, just that it was

21

disseminated to the "target market." How does Rovanco know the letter was disseminated to the target market rather than just the two firms involved in the EOR Project? Has it obtained multiple copies of the letter addressed to various customers in the target market? "Rule 9(b) requires a plaintiff to provide precision and some measure of substantiation to each fraud allegation." *Menzies v. Seyfarth Shaw LLP*, 943 F.3d 328, 338 (7th Cir. 2019). Rovanco fails to accomplish this in the FAC. We therefore grant Perma-Pipe's Motion to Dismiss as to Count I. Count I is dismissed, without prejudice. However, because we clarified that Rule 9(b) is applicable to Rovanco's Lanham Act claim, the Court will allow Rovanco one more opportunity to amend to try to meet that standard. *See VitalGo, Inc. v. Kreg Therapeutics, Inc.*, 2017 WL 6569633, at *10 (N.D. Ill. 2017); *Catilina*, 2021 WL 1165087, at *7.

### B.      Rovanco's Remaining State Law Claims

Because we grant Perma-Pipe's Motion to Dismiss the Lanham Act claim, the Court does not have subject matter jurisdiction, and thus declines to exercise its supplemental jurisdiction over Rovanco's state law claims. 28 U.S.C. § 1367(c)(3).

### III.    Rovanco's Motion for Oral Argument

Finally, Rovanco's Motion for Oral Argument. It is within the Court's discretion to allow oral argument on a motion. *See* N.D. Ill. L.R. 78.3. Here, the Court found oral arguments unnecessary for the fair and proper resolution of Defendants' Motions to Dismiss. The Court fully considered the arguments raised in the briefs submitted by both sides. Rovanco's Motion for Oral Argument is denied.

## <u>CONCLUSION</u>

For the foregoing reasons, Rovanco's Motion to Conduct Jurisdictional Discovery [45] is denied; Rovanco's Motion for Oral Argument [48] is denied; Defendant Preferred Piping Systems' Motion to Dismiss [36] is granted; Defendant Gary Prexta's Motion to Dismiss [33] is granted; Defendants John C. Digertt and John C. Digertt, Inc.'s Motion to Dismiss [40] is granted; Defendants Perma-Pipe International Holdings, Inc. and Perma-Pipe, Inc.'s Motion to Dismiss [31] is granted; and Defendants Thomas Railsback and Engineered Hydronics, Inc.'s Motion to Dismiss [65] is granted. Rovanco's First Amended Complaint is dismissed without prejudice. Rovanco is granted leave to file a Second Amended Complaint within twenty-one (21) days. Status is set for 4/14/2022 at 9:50 a.m. It is so ordered.

Dated: March 8, 2022

Charles P. Kocoras
United States District Judge

23